UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRUCE LENOARD SMALL,

    Plaintiff,

v.                                                Case No. 4:20cv383-MW-HTC

CHIEF JUDGE SUPREME COURT,
ADMIN JUDGE SUPREME COURT,
SUPREME COURT STATE OF FLORIDA,

    Defendants.

_____/

REPORT AND RECOMMENDATION

    Petitioner, Bruce Small, proceeding *pro se* and *in forma pauperis*, initiated this case by filing a civil rights complaint form, attempting to bring claims under 42 U.S.C. § 1983. ECF Doc. 1. The complaint was referred to the undersigned for preliminary screening under 28 U.S.C. §§ 1915 and 1915A. From a review of the complaint, it is evident that the facts as presented fail to state a facially plausible claim for relief under § 1983. Notably, Plaintiff seeks relief this Court is without jurisdiction to grant – a mandamus to the Florida Supreme Court directing that court to rule on a pending matter. Therefore, the undersigned respectfully recommends that the complaint be dismissed without prejudice under 28 U.S.C. §§ 1915A and

1915(e)(2) for failure to state a claim. Additionally, because the complaint is so deficient, the undersigned finds that allowing Plaintiff to amend would be futile.

## I.     THE COMPLAINT

Small is an inmate of the Florida Department of Corrections, currently incarcerated at Bay Correctional Institution. Plaintiff sues the following defendants: (1) Florida Supreme Court Chief Judge Charles Canady; (2) Court Administrator Elisabeth Kiel; and (3) the Florida Supreme Court Panel (generally). His allegations are set forth below and are accepted as true for purposes of this report and recommendation.

Plaintiff alleges that he filed a motion for emergency hearing with the Florida Supreme Court on July 7, 2020, requesting an expedited hearing "due to the highly sensitive nature of the subject matter of being illegally detained in violation of his constitutional rights." ECF Doc. 1 at 5. He claims that, as of July 27, 2020, no emergency hearing had been held and that, therefore, the Defendants are "violating my constitutional rights by discriminating against me, by denying me equal protection of the laws, life, liberty and due process of law, by refusing to grant me an Emergency Hearing or any other hearing disposing (ruling on) the highly sensitive claim concerning my illegal detainment." *Id.* at 6. Thus, as a remedy, he seeks for this Court "to order the Chief Judge and Administration Judge of the Florida Supreme Court to hear, make a determination, rule and dispose of my

Amended Petition for Writ of Habeas Corpus on its merits, and stop discriminating against me, denying me equal protection of the laws, life, liberty and due process." *Id.*

## II.   LEGAL STANDARDS FOR SCREENING

Title 28 U.S.C. § 1915A requires this Court to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings).  The Court reads Plaintiff's *pro se* allegations in a liberal fashion.  *See Haines v. Kerner*, 404 U.S. 519 (1972).

## III.   ANALYSIS

A federal district court does not have the power to issue the order that Small requests.  "Federal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Lamar v. 118th Judicial Dist. Court of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971).[1]  In *Lamar*, the Appellant filed a petition in the district court for a writ of mandamus directing a state court in Texas "to act upon his

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

Case No. 4:20cv383-MW-HTC

petition for the writ of habeas corpus pending in that court." *Id.* The district court dismissed the petition and the Fifth Circuit affirmed. *Id.*

Also, it makes no difference that Small did not style his request as a petition for writ of mandamus; the Eleventh Circuit instructs that a request for an order directed to a state court compelling it to act on a pending matter be treated as a petition for writ of mandamus and denied:

> In his complaint, Bailey requested an injunction ordering the defendants to address the merits of his habeas petition, which had been dismissed by the Florida District Court of Appeal. In essence, Bailey requested that the district court issue what amounts to a writ of mandamus. Federal mandamus is available only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.
>
> Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir.1973). Because the defendants named in Bailey's complaint are not officers or employees of the United States or any agency thereof, the district court lacked jurisdiction to grant the only relief Bailey requested. Accordingly, Bailey's complaint was properly dismissed as frivolous. *See Carroll*, 984 F.2d at 393.

*Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007).

Since this Court does not have jurisdiction to grant the relief requested, the undersigned recommends that Plaintiff's action be dismissed.

Case No. 4:20cv383-MW-HTC

## IV. CONCLUSION

Additionally, because Small cannot assert any set of facts that would state a claim in this case, the undersigned recommends that dismissal, rather than a chance to amend, is appropriate as an amendment would be futile. *Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so"). Moreover, a *sua sponte* dismissal is appropriate here because this Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed and gives Plaintiff the opportunity to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams*, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Accordingly, it is respectfully RECOMMENDED:

1. That the complaint, ECF Doc. 1, be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2) for failure to state a claim and as frivolous.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 14th day of August, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:20cv383-MW-HTC